**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4593**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MELVIN KEITH BRYANT,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston. David C. Norton, District Judge. (2:17-cr-00432-DCN-1)

Submitted: January 17, 2019                    Decided: January 22, 2019

Before WILKINSON and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Charles W. Cochran, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, South Carolina, for Appellant. Emily Evans Limehouse, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Melvin Keith Bryant appeals the 120-month sentence imposed after he pled guilty pursuant to a plea agreement to aiding and abetting possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) (2012) and 18 U.S.C. § 2 (2012). Counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), indicating that he has found no meritorious issues for appeal. Counsel nonetheless discusses whether the district court erred when it refused to depart below the statutory mandatory minimum sentence applicable to Bryant's conviction. Bryant has not filed a pro se supplemental brief, and the Government declined to file a response brief. Finding no error, we affirm.

We review Bryant's sentence for reasonableness, applying an abuse of discretion standard, *see Gall v. United States*, 552 U.S. 38, 46 (2007), and review unpreserved, non-structural sentencing errors for plain error, *see United States v. Lynn*, 592 F.3d 572, 575-76 (4th Cir. 2010). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *See Gall*, 552 U.S. at 51. Thus, we must first assess whether the district court properly calculated the advisory Sentencing Guidelines range, considered the factors set forth in 18 U.S.C. § 3553(a) (2012), analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. *See Gall*, 552 U.S. at 49-51; *Lynn*, 592 F.3d at 575-76. If no procedural error is found, we may then review the sentence for substantive reasonableness, "examin[ing] the totality of the circumstances[.]" *United States v. Mendoza-Mendoza*, 597 F.3d 212, 216 (4th Cir. 2010). "Any sentence that is within or below a properly calculated Guidelines range is

2

presumptively reasonable[,]" *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014), and "[t]hat presumption can only be rebutted by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors[,]" *United States v. Vinson*, 852 F.3d 333, 357-58 (4th Cir. 2017) (internal quotation marks omitted). We conclude that the district court's imposition of the statutory mandatory minimum sentence is presumptively reasonable and discern no basis to question the substantive reasonableness of Bryant's sentence.

In accordance with *Anders*, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Bryant, in writing, of the right to petition the Supreme Court of the United States for further review. If Bryant requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bryant. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*